UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:

TREVOR L. BENNETT AND
LORRA J. BENNETT,                 Case No. 08-65203-MBM
                                       Chapter 7
       Debtors.                         HON. MARCI B. MCIVOR
_____/

**TRUSTEE'S EX-PARTE MOTION TO:
REOPEN BANKRUPTCY CASE UNDER 11 U.S.C. § 350(b);
DEFER FILING FEE;
WITHDRAW TRUSTEE'S NO-ASSET REPORT; AND
APPOINT CHAPTER 7 TRUSTEE**

**NOW COMES**, Kenneth A. Nathan, Trustee in Bankruptcy for the above Debtor, and states as follows:

1. On October 15, 2008, the above Debtors filed a Chapter 7 Bankruptcy.

2. Kenneth A. Nathan was appointed Chapter 7 Trustee of said matter.

3. The Debtors' §341 Meeting of Creditors was scheduled by the Court and held on December 2, 2008 at which time the Debtors testified to the truthfulness of their assets and liabilities.

4. On or about December 6, 2008, the Trustee filed his Report of Trustee In No-Asset case due to the fact that, according to the investigation by the Trustee and sworn testimony of the Debtors, all assets were listed and properly and fully exempt.

5. On or about July 8, 2009 the Court entered an order closing this case.

6. On or about April, 17, 2018, the Trustee was contacted and advised that a settlement had been reached regarding Lorra J. Benentt's injuries related to her January 26, 2004 transvaginal mesh implant.

7. The claim arose prior to the filing for relief and was not scheduled by the Debtors.

8. A case may be reopened to administer assets, to accord relief for the Debtors, or for other cause. See 11 U.S.C Section 350(b) and Federal Rule Bankruptcy Procedure 5010.

1

9. Pursuant to Bankruptcy Rule 5010, a trustee shall not be appointed by the United States Trustee unless the Court determines that a trustee is "necessary to protect the interests of creditors and the Debtor or to ensure efficient administration of the estate."

10. In this case, it is vital that a trustee be appointed to administer the assets, solicit and review claims and distribute the proceeds to creditors. A trustee is the only party who could most efficiently administer any assets.

11. The Trustee seeks to hold in abeyance the payment of the filing fee due upon the reopening of this case pending a recovery of any assets as there are presently no assets in the estate for which to pay the filing fee.

12. The Trustee seeks to withdraw the No Asset Report filed on or about December 6, 2008, in lieu of a potential distribution to unsecured creditors.

**WHEREFORE**, for all the reasons stated herein, Kenneth A. Nathan, former Chapter 7 Trustee in the above captioned proceedings, respectfully requests this Honorable Court grant the relief requested herein.

Respectfully submitted,

**NATHAN LAW, PLC**

By: **/s/Kenneth A. Nathan**
Kenneth A. Nathan (P39142)
24725 W. 12 Mile Road
Suite 110
Southfield, MI 48034
248-663-5133
ken@nathanlawplc.com

Dated: June 18, 2018

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
<u>**SOUTHERN DIVISION**</u>

In the Matter of:

TREVOR L. BENNETT AND
LORRA J. BENNETT,  Case No. 08-65203-MBM
  Chapter 7
 Debtors.  HON. MARCI B. MCIVOR
_____/

**EX-PARTE ORDER:**
<u>**1.**</u> **REOPENING CASE;**
<u>**2.**</u> **DEFERRING FILING FEE;**
<u>**3.**</u> **WITHDRAWING TRUSTEE'S NO ASSET REPORT; AND**
<u>**4.**</u> **APPOINTING A TRUSTEE**

**THIS COURT** having considered the Trustee's Ex-Parte Motion for Order Reopening Case, Deferring the Filing Fee, Withdrawing Trustee's No Asset Report and Appointing a Trustee, and it appearing that Debtor may have intentionally mislead the Court as to her assets and said asset appears to be an asset of the Debtors' estate; and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED:**

**1.** The instant proceeding be reopened.
**2.** The filing fee for reopening this matter be and is hereby deferred to the end of the case.
**3.** The Trustee's No Asset Report be withdrawn; and
**4.** The U.S. Trustee shall appoint a new trustee.

1